**Entered on Docket**
**November 24, 2014**
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA



The following constitutes the order of the court.
Signed November 21, 2014

_____
William J. Lafferty, III
U.S. Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

|  |  |
|---|---|
| In re | |
|     Scott Eric Zeilinger | No. 14-44325<br>Chapter 11 |
|     Debtor. | |

**MEMORANDUM REGARDING MOTION FOR RELIEF FROM STAY**

On Wednesday, November 19 the Court conducted a hearing on the Motion for Relief from Stay (the "RFS Motion") (doc. 11) filed by The Northern Trust Company ("Northern Trust"). Gary Torrell of the law firm Valensi Rose, PLC personally attended the hearing, having flown up from his office in Los Angeles to appear. Scott Zeilinger, the debtor and debtor-in-possession in this case ("Debtor"), did not appear at the hearing.

Prior to the hearing the Court had reviewed various pleadings pertaining to the RFS Motion, including the Memorandum of Points and Authorities in Support of Motion for Relief from the Automatic Stay (doc. 15), Objection to Motion for Relief of

1

the Automatic Stay (doc. 22), and Reply to the Debtor's Objections to Motion for Relief from the Automatic Stay (doc. 23). The Debtor's main arguments in support of his opposition to the RFS Motion were that (a) as a pro se debtor he was entitled to a high level of indulgence and deference from the Court with respect to any obligations that might be imposed on him by the United States Bankruptcy Code (the "Code"), the Federal Rules of Bankruptcy Procedure, etc., in connection with his opposition to the RFS Motion and (b) he had discovered evidence of fraud and predatory lending practices by Northern Trust that would support claims against that creditor. The Debtor provided no evidence of the alleged fraud and predatory practices, and it is not clear to the Court what effect any such purported evidence would have had, in light of the fact that motions for relief from stay are summary proceedings that typically determine nothing more than whether the moving party has a colorable claim under non-bankruptcy law to pursue relief against the debtor, and whether it is appropriate to modify or terminate the automatic stay to permit the creditor to pursue that right in light of the creditor's interests in property and other circumstances pertaining in the debtor's bankruptcy case. 11 U.S.C § 362 (2013); *see also* In re Luz Intern., Ltd., 219 B.R. 837, 842 (9th Cir. BAP 1998) ("Given the limited grounds for obtaining a motion for relief from stay . . . motion for relief from stay hearings should not involve an adjudication of the merits of claims, defenses, or counterclaims, but simply determine whether the creditor has a colorable claim to the property of the estate."). The Debtor offered no opposition to

Case: 14-44325    Doc# 31    Filed: 11/21/14    Entered: 11/24/14 12:54:57    Page 2 of 6

the RFS Motion based upon the requirements of Section 362 of the Code, or any other pertinent section(s) of the Code.

Frankly, the Court was surprised that the Debtor did not attend the hearing on the RFS Motion, in light of the tone and content of the Debtor's opposition.  In any event, having considered fully the arguments made by the Debtor and Northern Trust prior to the hearing, and having heard further arguments by Northern Trust at the hearing, the Court concluded that relief from stay was appropriate under Sections 362(d)(1) (for cause, lack of adequate protection of the creditor's interest in estate property) and (d)(2) (the debtor lacks equity in the property and the property is not necessary to an effective reorganization) of the Code.  The Court did not, however, grant the creditor's request for "in rem" relief against the real property that was the subject of the RFS Motion, the Debtor's residence at 317 Still Creek Road, Danville, California (the "Subject Property"), which would have granted relief against that property prospectively in future bankruptcy cases, because the Court was not convinced that the Debtor's behavior in this case and in the Debtor's prior chapter 13 bankruptcy case amounted to a "scheme to delay, hinder, or defraud creditors" within the meaning of that statute.  Accordingly, the Court declined to order relief under Section 362(d)(4), but did order that should Debtor subsequently file another bankruptcy case within the Northern District of California, such case would be assigned to this Court, and Northern Trust could bring on a Motion for Relief from Stay before this Court on 48 hours

Case: 14-44325    Doc# 31    Filed: 11/21/14    Entered: 11/24/14 12:54:57    Page 3 of 6

notice, and renew its request for relief under Section 362(d)(4).

Notwithstanding the Debtor's failure to attend the hearing on the RFS Motion, the Debtor apparently did appear at the Clerk's Office on the morning and afternoon of November 19, during which visits he personally filed Response to Motion for Relief of the Automatic Stay and Supplemental Request for Judicial Notice in Support of Motion for Relief from the Automatic Stay (the "November 19 Response") (doc. 26), Objection for Ruling on Today (11/19/2014) Hearing (the "November 19 Objection") (doc. 27) , and Objection to Order for Relief from the Automatic Stay (doc. 28).  In the November 19 Objection the Debtor claimed that he "was not aware of hearing", a statement belied by the fact that the RFS Motion and all accompanying pleadings, which he clearly received, prominently indicated the date, time, and place of the hearing, that his Objection to the Motion filed November 12 also included the date, time, and place of the hearing, and that his November 19 Objection, which asserted that he was unaware of the hearing date, also included a reference to a November 19 hearing date.   The Debtor's claims to have been unaware or confused about the date of the hearing on the RFS Motion lack any credibility, and his (late-filed) request for a continuance of the hearing is denied.

The November 19 Response filed by the Debtor largely reiterated arguments about Northern Trust's alleged bad behavior, which are no more relevant in this context than they were in the prior Objection.  To the extent that the Debtor's response also indicates that there may be equity in the Subject

4

1  Property, that assertion was completely unsupported, and came
2  after the hearing on the RFS Motion in any event.  The Debtor's
3  assertion that the RFS Motion was not properly served, which is
4  facially correct in that the address listed for the Debtor on
5  the Certificate of Service filed by Northern Trust Company is
6  "217 Still Creek", not "317 Still Creek"  is belied by the fact
7  that the address listed for the Debtor on the Voluntary Petition
8  is actually "217 Still Creek", and the Debtor clearly had ample
9  notice of the hearing on the RFS Motion in any event, as
10 evidenced by his numerous filed responses thereto.
11      In sum, there is simply no reason for the Court not to
12 grant the RFS Motion.  The Court will enter the Order lodged by
13 Northern Trust, contemporaneously with the entry of this
14 Memorandum.

                         **End of Memorandum**

**COURT SERVICE LIST**

Scott Eric Zeilinger
217 Still Creek Road
Danville, CA 94506
CONTRA COSTA-CA

Gary F. Torrell
Valensi Rose, PLC
1888 Century Park East, Suite 1100
Los Angeles, CA 90067

U.S. Trustee
Office of the U.S. Trustee/Oak
1301 Clay St. #690N
Oakland, CA 94612

Case: 14-44325    Doc# 31    Filed: 11/21/14    Entered: 11/24/14 12:54:57    Page 6 of 6